FILED
SCRANTON
APR 30 2013
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT NJOS,

  Plaintiff,

v.

BUREAU OF PRISONS, et al.

  Defendants.

Civil Action No. 3:12-CV-1251

(Judge Kosik)

## ORDER

AND NOW, THIS 30 DAY OF APRIL, 2013, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg) filed this instant civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), as well as under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). (Doc. 1).

2. The matter was assigned to Magistrate Judge Thomas M. Blewitt.

3. The Complaint generally alleged violations of his Eighth Amendment conditions of confinement and medical care rights, his rights under the Rehabilitation Act, and his rights under the Fourteenth Amendment due process clause. (*Id.*).

4. The Magistrate Judge screened the Complaint, and on September 11, 2012, issued a Report and Recommendation ("R&R") recommending Plaintiff's claim for damages against Defendants in their official capacities be dismissed with prejudice; Plaintiff's claim for injunctive relief in his Complaint for the Court to order that the BOP transfer him from USP-Lewisburg to a Federal Medical Facility be dismissed with prejudice; Plaintiff's injunction motion be denied; Defendants Bledsoe and Norwood be dismissed; Plaintiff's constitutional claims against Defendant BOP be dismissed with prejudice; Plaintiff's Eighth Amendment claims for denial of proper medical care against all Defendants, except for Defendants Bledsoe and Norwood, be dismissed without prejudice; Plaintiff's Rehabilitation Act claim be dismissed with prejudice as against the individual Defendants; Plaintiff's claims under the Rehabilitation Act against Defendant BOP for money damages be dismissed with prejudice; Plaintiff's claim against Defendant BOP for injunctive relief be dismissed without prejudice; and that the case be recommitted to the Magistrate Judge for further proceedings. (Doc. 19).

5. On October 24, 2012, Plaintiff filed his Objections to the September 11, 2012 R&R. (Doc. 22).

6. On January 8, 2013, we adopted, in part, and rejected, in part, the R&R. (Doc. 23). We allowed Plaintiff's claim for injunctive relief under the Rehabilitation

Act to proceed; denied Plaintiff's Injunction Motion; dismissed Defendants Bledsoe and Norwood from the case with prejudice; and dismissed, with prejudice, Plaintiff's claims for damages against Defendants in their official capacities, Plaintiff's claim for injunctive relief for the court to order that the BOP transfer him from USP-Lewisburg to a Federal Medical Facility, Plaintiff's constitutional claims against Defendant BOP, Plaintiff's Rehabilitation Act claim against individual Defendants, and Plaintiff's claims under the Rehabilitation Act against Defendant BOP for money damages. (*Id.*).

7. On January 28, 2013[1], Plaintiff filed an Amended Complaint. (Doc. 27). On January 31, 2013, Plaintiff filed a Memorandum of Law regarding his Document 6 Temporary Restraining Order and Preliminary Injunction Motion. Lastly, on February 25, 2013, Plaintiff filed a Request for Jury Demand. (Doc. 30).

8. In his Amended Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment medical care and conditions of confinement rights.

9. The Magistrate Judge screened Plaintiff's Amended Complaint in accordance with the standards set forth in the PLRA.

10. On April 3, 2013, the Magistrate Judge issued a R&R recommending that we dismiss Plaintiff's Amended Complaint in its entirety and that the case be closed. (Doc. 31).[2]

---

[1]Prior to Plaintiff filing the Amended Complaint, the Magistrate Judge issued an Order directing the United States Marshal Service to serve Plaintiff's Complaint on the remaining Defendants, and construing Plaintiff's Documents 2 and 11 Motion for Leave to Proceed *in forma pauperis* as motions to proceed without full prepayments of fees and costs, thus granting these motions as such. (Doc. 24). On January 10, 2013, summons was issued and provided to the U.S. Marshal for service on Defendants in the manner prescribed in Rule 4 of the Federal Rules of Civil Procedure. (Doc. 25). On January 30, 2013, the Magistrate Judge issued an Order vacating the Document 24 Order in which he directed service on Defendants. (Doc. 28).

[2]The Magistrate Judge also noted that

[t]o the extent that Plaintiff is again requesting that the Court: (1) issue a declaratory judgment requesting that Defendants have violated his Eighth Amendment rights; (2) issue an injunction requiring Defendants to move Plaintiff to a different cellblock or medical facility; (3) demand the release of Plaintiff's SSA records and the removal of his disciplinary records; and (4) award Plaintiff monetary damages against Defendants in their official capacities, the Court has already dismissed these relief requests with prejudice, and, therefore we will also not be addressing these requests in this Report and Recommendation. Therefore, the only relief request that remains is Plaintiff's request for compensatory damages against Defendants in their individual capacities.

Also, Plaintiff attempts to re-name Defendant Bledsoe in his Amended Complaint. However, the Court already dismissed Defendant Bledsoe with prejudice from this action, and, therefore, we will not be addressing any claims Plaintiff raises against Defendant Bledsoe as he has already been terminated from the case.

(Doc. 31, p. 9-10).

11. Plaintiff did not file objections to the Report and Recommendation of the Magistrate Judge.

AND, IT FURTHER APPEARING THAT

12. If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987).

13. We have reviewed the thorough Report of the Magistrate Judge and we agree with the Magistrate Judge's conclusions.

14. Plaintiff has failed to allege that any of the named Defendants (Brown, Pegos, Carpen, Snyder, Metzger, Prince, Heath, Thomas, Contrey, Rear, Birdcell and Cannon) were personally involved in his Eighth Amendment denial of medical care, and has failed to assert that any Defendant acted with deliberate indifference to his serious mental health issues. Further, Plaintiff has not shown that Defendants Mink or Howsen acted with deliberate indifference, as required to properly allege an Eighth Amendment denial of medical care claim against these Defendants.

15. Plaintiff has also failed to sufficiently state the personal involvement of any of the individual Defendants with respect to his Eighth Amendment conditions of confinement claim.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated April 3, 2013 (Doc. 31) is **ADOPTED;**

2. Plaintiff's Amended Complaint (Doc. 27) is **DISMISSED WITH PREJUDICE;** and

3. The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge