# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT NJOS, <br><br> Plaintiff, <br><br> v. <br><br> BUREAU OF PRISONS, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:12-CV-01251 <br><br> (KOSIK, J.) <br> (MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

This matter comes before the Court upon the Plaintiff's motion for summary judgment (Doc. 38), filed on July 8, 2013, and his related motion requesting a ruling on his summary judgment motion (Doc. 51), filed on October 25, 2013. For the reasons stated herein, we recommend that the motion for summary judgment (Doc. 38) be **DENIED** as premature, without prejudice to the Plaintiff's right to file a subsequent motion for summary judgment after discovery concludes, or at some other appropriate time, and that his motion requesting a ruling (Doc. 51) be **DENIED** as moot.

The Plaintiff filed his original complaint in this matter on June 29, 2012. (Doc. 1). On September 11, 2012, Magistrate Judge Blewitt issued a report recommending dismissal of various claims and defendants pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 19). The Plaintiff objected, and the Court adopted Magistrate Judge Blewitt's report with modifications on January 8, 2013. (Doc. 23).

On January 28, 2013, the Plaintiff filed an amended complaint. (Doc. 27). On April 3, 2013, Magistrate Judge Blewitt issued a report recommending dismissal of the amended complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 31). The Plaintiff objected,

and the Court sustained his objections on June 17, 2013, ordering that the case proceed with respect to the Plaintiff's claim against the Bureau of Prisons for injunctive relief under the Rehabilitation Act, as set forth in the *original* complaint. (Doc. 36). All other claims were dismissed. (Doc. 36).

On June 19, 2013, the Court directed that a summons and the complaint be served on the sole remaining defendant, the Bureau of Prisons, by the United States Marshals Service. (Doc. 37). On August 15, 2013, a summons was issued to the United States Marshals Service. (Doc. 44). The summons and complaint have not yet been served on the Defendant.

The Plaintiff's motion for summary judgment is premature because the sole remaining defendant in this case, the Bureau of Prisons, has not yet been served with the complaint. *See In re Pettaway*, 457 Fed. App'x 96, 98 (3d Cir. 2012). Accordingly, it should be denied without prejudice to the Plaintiff's right to file a subsequent motion for summary judgment after discovery concludes, or at some other appropriate time. *See Pettaway*, 457 Fed. App'x at 98.

Based on the foregoing, we recommend that the Plaintiff's motion for summary judgment (Doc. 38) be **DENIED** as premature, without prejudice to the Petitioner's right to file a subsequent motion for summary judgment after discovery concludes, or at some other appropriate time. We further recommend that the Plaintiff's motion requesting a ruling (Doc. 51) be **DENIED** as moot.

BY THE COURT:

**Dated: November 6, 2013**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT NJOS,<br><br>        Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 3:12-CV-01251<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 6, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 6, 2013**                                        *s/ Karoline Mehalchick*
                                                                                        **KAROLINE MEHALCHICK**
                                                                                       **United States Magistrate Judge**