UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT NJOS, | : |
| | : |
|     Plaintiff | : |
| | : |
|     v. | : CIVIL NO. 3:CV-12-1251 |
| | : |
| BUREAU OF PRISONS, | : (Judge Kosik) |
| | : |
|     Defendant | : |

**MEMORANDUM**

In this *pro se* prisoner civil rights action, Plaintiff, Scott Njos, proceeds on a second amended complaint asserting a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), alleging that the Bureau of Prisons has discriminated against him and excluded him from participation in or denied him benefits of certain services, programs or activities based on his mental disability. (Doc. 82.) The sole defendant is the Bureau of Prisons. The purpose of this Memorandum is to address the status of numerous motions pending on the docket.

**I.     Background**

On July 1, 2014, Plaintiff submitted a document labeled as a "Second Amended Complaint." (Doc. 82.) The matter was proceeding before a Magistrate Judge at the time, who directed that on or before July 18, 2014, Plaintiff either file a motion requesting leave to submit an amended complaint and the reasons therefore, or the written consent of Defendant. (Doc. 83.) On July 11, 2014, a motion for leave was filed, as well as a letter from defense

counsel expressing no objection to any request by Plaintiff to file a second amended complaint regarding his Rehabilitation Act claims.  On July 14, 2014, Plaintiff's motion for leave was granted, and the second amended complaint, which was filed on July 1, 2014, was accepted by the court.  Defendant was also directed to file a response thereto .

Since that time, the following motions have been filed by Plaintiff: a motion for partial summary judgment (Doc. 103); an objection to an order of the Magistrate Judge denying his request to reissue a subpoena (Doc. 107); a motion to take depositions (Doc. 115); a motion for the court to order a mental status examination pursuant to Federal Rule of Civil Procedure 35(a) (Doc. 122); a cross-motion for summary judgment (Doc. 124); a motion for leave to file a joint brief (Doc. 135); a motion to strike Defendant's brief in opposition to Plaintiff's motion for partial summary judgment (Doc. 138); a motion for the appointment of counsel (Doc. 145); a motion challenging the sufficiency of answers/objections to discovery (Doc. 147); a motion for summary judgment (Doc. 150); a motion for preliminary injunction/temporary restraining order (Doc. 167); and a motion for relief/adjudication (Doc. 172).  Also pending are Defendant's motion for summary judgment (Doc. 109) and motion for a protective order (Doc. 163).

**II.     Discussion**

    **A.     Motion for Counsel**

The standard for evaluating a prisoner's motion for the appointment of counsel has previously been set forth in addressing Plaintiff's earlier request for counsel, and will not be reiterated herein.  (*See* Doc. 16.)  In filing his latest request, Plaintiff argues that counsel be appointed to support him during "times of impairment."  (Doc. 145.)  He further maintains

that he is facing "lies" from Defendant.  Plaintiff appears to contest evidentiary materials offered by Defendant in opposing his motion for partial summary judgment, specifically documents from Psychology Services.  In support thereof, Plaintiff references a declaration he obtained from a fellow inmate, R. Latham, which he claims disputes the evidence submitted by Defendant contesting the fact that he suffers from a disability.  (Doc. 146 at 52.)

All of the reasons previously set forth by the court in denying Plaintiff's first motion for counsel also support the denial of the pending motion.  Plaintiff is currently litigating several cases before this court.[1]  He continues to demonstrate his command of the Federal Rules of Civil Procedure and his ability to prosecute this action on his own.  He submits numerous motions supported by comprehensive briefs, as well as files opposition briefs to the motions filed by Defendant.  His filings are all-encompassing, and clearly reveal his understanding of the Rehabilitation Act claim, that he is pursuing in this matter.  It is also evident that he has been engaging in discovery.  While Plaintiff may contest evidentiary materials submitted by Defendant, by his own admission, Plaintiff has submitted his own evidence in an attempt to rebut the documents filed by Defendant.[2]  In addition, the docket reflects that he has filed three separate motions for summary judgment along with briefs and

---

[1] The following cases are currently pending in this court: *Njos v. Arguenta, et al.*, No. 3:12-1038; *Njos v. Kane, et al.*, No. 3:12-cv-1252; *Njos v. Carney, et al.*, No. 3:12-1375; and *Njos v. United States of America, et al.*, No. 3:14-cv-1960.  Also pending before the court is a habeas corpus action filed by Plaintiff, *see Njos v. Thomas*, 3:14-cv-0766.

[2] On a related note, Plaintiff's motion to strike Defendant's brief in opposition to his partial motion for summary judgment (Doc. 138) will be denied.  Plaintiff specifically challenges statements made in the declaration of Dr. Ramirez, offered by Defendant in opposition to Plaintiff's summary judgment motion.  The declaration is properly supported by attached records, and will not be stricken.

statements of material fact. He has also submitted opposing documents to the summary judgment motion filed by Defendant.

Based on the foregoing, the record reveals that Plaintiff is more than capable of prosecuting this case on his own. Accordingly, the motion for counsel will be denied, but without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

### B. Objection to Magistrate Judge's Order

Plaintiff has also filed an objection to the August 8, 2014 order of the Magistrate Judge denying his "Omnibus Motion to reissue subpoena, reinstate stay and take notice." The objection will be construed to be a motion for reconsideration, and will be denied without prejudice. The parties will be directed to submit a report with respect to the current status of discovery in this case, and Plaintiff can address any related discovery issues therein.

### C. Motion for mental status exam

Plaintiff files a motion requesting the court to order a mental status examination pursuant to Fed. R. Civ. P. 35(a) for the purpose of "level[ing] the playing field between the parties in their respective efforts to appraise a specific medical condition." (Doc. 123 at 1.)

Rule 35 is a device whereby the court may order a party, upon good cause shown, to submit to an examination when mental or physical condition is in controversy. Even where good cause is shown, whether to order a proposed examination is committed to the discretion of the court. *Shirsat v. Mutual Phar. Co.*, 169 F.R.D. 68, 69-70 (E.D. Pa. 1996).

However, Plaintiff misconstrues the purpose of Rule 35. He provides no authority indicating that a court may issue such an order at the request of a party for that party's own

examination and anticipated use in litigating their action. *See generally Whitehead v. Wetzel*, No. 3:14-cv-0051, 2015 WL 143893 at *1 (W.D. Pa. Jan. 12, 2015)(*citing Paiva v. Bansal*, 2011 WL 1595425 at * 1(D.R.I. Apr. 27, 2011)(finding that Rule 35 is not intended for a situation where a prisoner-plaintiff wishes an examination of himself.) Further, Plaintiff does not address the issue or provide any authority regarding the compensation of the medical professional for services rendered. It is well-established that Plaintiff is responsible for the payment of his own litigation expenses, including expert witnesses. *See Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993); *Wilkerson v. United States of America*, No. 4:CV-07-2228 at *2-3 (M.D. Pa. April 20, 2009). Moreover, the record suggests that Plaintiff has been able to gather evidence in support of his claim based upon the dispositive motions, which he has filed, as well as his opposition to Defendant's summary judgment motion. For these reasons, the motion will be denied.

      **D.    Motion for Leave to File Joint Brief**

Without unnecessary elaboration, Plaintiff's motion to have the brief he previously filed in support of his cross motion for summary judgment to also serve as his reply brief with respect to his pending motion for partial summary judgment (Doc. 135) will be granted to the following extent. The Clerk of Court will be directed to also docket Document 127 as Plaintiff's brief in reply to Defendant's brief in opposition to his motion for partial summary judgment (Doc. 128).

      **E.    Motion for Injunctive Relief**

Plaintiff has filed a motion requesting that the court issue the following injunctive relief: (1) order Lewisburg Psychology Services to provide him with a psychiatry consult

evaluation by a psychiatrist via Tele-Psych services; (2) transfer him to the Special Housing Unit at USP-Allenwood; (3) restrain psychologists Sage, Ramierez and Eigerbrode from any involvement with Plaintiff, including evaluations, record reviews or even speaking to him; and (4) allow Plaintiff to have recreation time alone with only his cellmate. (Doc. 167.)

1. Standard of review

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Rawls v. Pa. Dep't of Corr.*, 334 F. App'x 462, 464 (3d Cir. 2009); *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davilla*, 125 F.3d 148, 156 (3d Cir. 1997). The decision whether to grant a preliminary injunction is left to the sound discretion of the court. *See Am. Exp. Travel Servs., Inc. v. Sidamon-Eristoff,* 669 F.3d 374, 385 (3d Cir. 2012).

In determining whether to grant a motion seeking preliminary injunctive relief, a court must consider four factors: (1) the likelihood of success on the merits; (2) any irreparable harm to the movant resulting from a denial of relief; (3) whether granting the relief will cause even greater harm to the non-moving party; and (4) whether the relief is in the public interest. *See N.J. Retail Merchs. Ass'n. v. Sidamon-Eristoff,* 669 F.3d 374, 385 (3d Cir. 2012).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *McLaughlin v. Fultz*, 2008 WL 239557, *4 (M.D. Pa. 2008). The Third Circuit has demonstrated its resistence to using judicial power through the device of a preliminary injunction "to arrange relationships prior to a full

6

determination on the merits . . . ." *See Campbell Soup Co. v. ConAgra Inc.*, 977 F.2d 86, 91 (3d Cir. 1992). Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 ( 3d Cir. 1980). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).

   2.   Analysis

Presently pending on the court's docket is a comprehensive motion for summary judgment filed by the Defendant which raises multiple arguments as to why Plaintiff's claims are not meritorious. In support of their grounds, Defendant submits numerous evidentiary records. While this motion will be among those temporarily stayed while the status of discovery is determined, and any outstanding discovery disputes resolved, Defendant's submissions raise viable arguments suggesting that Plaintiff is unable to demonstrate a likelihood of success on the merits of his claims.

Moreover, the instant motion fails to demonstrate that Plaintiff will suffer any immediate irreparable injury before the court can render a decision on the merits of his underlying claims. The records submitted by Defendant clearly reveal that it is the opinion and clinical judgment of trained medical professionals that Plaintiff is a manipulative individual and has used threats of self-harm as a method of furthering his own agenda. (Doc. 174, Ex. 1 at ¶ 6.) It is the opinion of Psychology Services that Plaintiff creates his own difficulties through his behavior, and that this is the reason he remains in, and fails to progress through, the SMU. Defendant points out that Plaintiff has had over 25 incident

reports while assigned to USP-Lewisburg. They further state that any transfer to the SHU at USP-Allenwood can not be considered until Plaintiff first completes the requirements of the SMU at USP-Lewisburg. The records further reveal that he is receiving treatment from the psychologists and specialists at USP-Lewisburg. Merely because Plaintiff may not care for, or agree with, those individuals treating him, this does not establish irreparable harm or a basis for granting the injunctive relief requested.

If the court were to grant the relief requested by Plaintiff, this could cause even greater harm to Defendant for the following reasons. Allowing Plaintiff to dictate the type of treatment he personally desires (such as individual therapy sessions vs. cell-side sessions and the doctors of his choice), or to maneuver a transfer to a less restrictive unit in a different prison merely through bad behavior, could have a drastic effect on the ability of medical professionals to perform their duties.

Finally, public interest dictates that prison officials be afforded wide deference in the orderly running of the prison in accordance with valid, penological standards. The medical professionals at USP-Lewisburg must be permitted to provide treatment in accordance with their professional medical judgment, and not pursuant to any threat of legal action from a dissatisfied or manipulative inmate.

The court certainly does not take lightly Plaintiff's threats of self-harm. However, the records submitted by Defendant reveal that upon receiving Plaintiff's motion, Defendant forwarded the motion to the legal department at the prison. (Doc. 174 at 2; Doc. 174-1, ¶ 5.) Thereafter, the Psychology Department assessed Plaintiff for suicide. His mental health history was set forth in the body of the "Suicide Risk Assessment", which cited an extensive

history of manipulative behaviors to control the conditions of his confinement. At that time, Plaintiff stated that he did not wish to speak with psychology staff and was going through "the judge." His current diagnosis at the time was Malingering and Antisocial Personality Disorder, and although speaking of suicidal thoughts, he appeared future-oriented and did not endorse current "suicidality." As such, Plaintiff was assessed as a low overall acute suicide risk. (Doc. 174-1, Attach. A, 2/18/15 Suicide Risk Assessment.)

With respect to Plaintiff's claim of vitamin D deficiency, Defendant does not dispute that he does have a history of such. However, the records submitted support that Plaintiff has been and is currently being treated with medication, and is not facing any irreparable harm. Moreover, Plaintiff is provided with the opportunity to participate in outdoor recreation where he would be able to expose his skin to the sun and obtain more vitamin D, but chooses not to do so. As such, his deficiency is being monitored and treated with supplements. It is also noteworthy that because he has been non-compliant with taking his medication, he is presently monitored in this regard. Based on the foregoing, the court finds that Plaintiff is not entitled to the preliminary injunctive relief he seeks.

**F.     Remaining motions**

Still appearing on the docket are motions for summary judgment (Docs. 103, 109, 124, 150) and several discovery-related motions (Docs. 115, 147, 163). The discovery motions are as follows: (1) Plaintiff's motion to take depositions (Doc. 115) and to compel discovery[3]

---

[3] This motion is labeled as a "Motion Regarding the Sufficiency of an Answer and Objection." In reviewing the motion, it is clear that Plaintiff challenges responses and objections by Defendant to his Second Request for Admissions.

(Doc. 147) and (2) Defendant's motion seeking a protective order (Doc. 163). In reviewing these documents, it appears that Defendant responded to the request to take depositions and had no objection to depositions by written questions, providing the questions were sent through defense counsel, who would then provide them to Defendants for response. In his reply brief, Plaintiff objected to this format, and wanted the individuals being deposed to appear at the prison to prepare their responses to the questions.

The court will stay any decision with respect to Plaintiff's motion in that in reviewing subsequent filings on the docket, it appears that Plaintiff may have since served written deposition questions in this action. As such, a discovery status report submitted by each party is in order. By directing status reports, the court will also be able to determine the status of any outstanding discovery issues. Further, while Plaintiff has filed a motion which appears to be a motion to compel other discovery requests (Requests for Admissions)(Doc. 147), the record does not reflect that Defendant has ever responded to this motion. For these reasons, Defendant's motion for protective order will be granted only to the extent that the parties will be directed to submit a status report within thirty (30) days as to all outstanding discovery matters. Following such clarification from the parties, the court will be able to resolve the pending discovery-related motions. In light of this directive, all pending motions for summary judgment will be temporarily stayed, and the parties provided with an opportunity to supplement their pending motions, if necessary, following any discovery-related decisions.[4] An appropriate order follows.

---

[4] The only other motion pending on the docket is Plaintiff's motion for relief/adjudication (Doc. 172). This motion will be denied as moot.