IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NJOS,** | : | **CIVIL NO. 3:12-CV-1251** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER[1]

### I. Statement of Facts and of the Case

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 188-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaint regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, major depressive disorder, and schizophrenia. (Doc. 83.)

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

Having framed his claim in this lawsuit in this fashion, Njos has now filed a motion for judicial review, which seek favorable pre-trial rulings on the question of whether the Bureau of Prisons has acted in accordance with its own policies, an issue that Njos deems relevant to his claims. (Doc. 188.) This motion is, in essence, a motion *in limine*, which seek evidentiary rulings in advance of any trial.

Having considered this motion, for the reasons set forth below, the motion will be denied without prejudice to renewal of these evidentiary issues when, and if, this case proceeds to trial.

## II. Discussion

Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a

"trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. The parties' competing submissions in this matter, in part, cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402. These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

> the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of relevance, probative value, and unfair prejudice involve an informed assessment of the impact of particular proof in the specific factual context of a specific case. For these reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

In this case, the weighing and resolution of these evidentiary issues is, in our view, entirely premature and inappropriate. Therefore, consistent with settled case law, we will decline the invitation to prematurely address these issues and will deny these motions without prejudice to renewal of argument regarding these evidentiary issues when, and if, this case proceeds to trial.

**III. Order**

For the foregoing reasons, Njos' motion for judicial review, which seeks favorable pre-trial rulings on the question of whether the Bureau of Prisons has acted in accordance with its own policies, an issue that Njos deems relevant to his claims,

(Doc. 188.), is DENIED without prejudice. So ordered this 1st day of September 2015.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge