# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1251 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

### I.  Statement of Facts and of the Case.

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the Court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, and major depressive disorder. (Doc. 83.)

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

With the plaintiff's claims framed in this fashion, the defendant has moved for summary judgment. (Doc. 109.) The gravamen of this summary judgment motion attacks the first element of Njos' Rehabilitation Act claim, which requires proof that the plaintiff is "disabled" as that term is defined under the Rehabilitation Act due to these mental health impairments. The defendant invites us to find that Njos is not disabled as a matter of law, tendering declarations and medical records which suggest that Njos does not suffer from the array of catastrophic mental health maladies which he claims. Instead, according to the defendant Njos has been diagnosed as a malingerer who has a non-disabling anti-social personality disorder.

It is against the backdrop of this stark, and very fundamental, factual dispute that we are called upon to consider whether the defendant is entitled to judgment as a matter of law in its favor on this Rehabilitation Act claim because it has been shown as a matter of law that Njos is not disabled. For the reasons set forth below, we conclude that material disputed issues of fact preclude summary for the defendant in this case on the question of whether Njos is disabled as that term is used in the Rehabilitation Act. Therefore, we recommend that these summary judgment motions be denied. We leave for another day the question of whether Njos can establish the other elements of a Rehabilitation Act claim.

## II. Discussion

### A. Summary Judgment - Rule 56, Standard of Review

Federal courts are permitted to summarily adjudicate an action in order to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a jury trial would, therefore, "be an empty and unnecessary formality," Peynado v. Sabol, No. 09-355, 2010 U.S. Dist. LEXIS 134131, 2010 WL 5300563, at *2 (M.D. Pa. Dec. 20, 2010). Rule 56 specifically provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56. The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown

that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Finally, it is emphatically not the province of the court to weigh evidence, or assess credibility, when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable

inferences in the light most favorable to the non-moving party, Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted); NAACP v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476 (3d Cir. 2011).

It is through this analytical lens that we now assess the defendant's summary judgment motion, which challenges as a matter of law whether Njos was disable as that term is used in the Rehabilitation Act.

> **B. Disputed Material Issues of Fact Preclude Summary Judgment for the Defendant in this Case on the Question of Whether Njos' Mental Conditions Are Disabling**

In this case Njos' claims are premised on the Rehabilitation Act, a federal statute which provides in part that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . .

29 U.S.C. § 794 (a).

"To prove a claim under . . . the . . . R[ehabilitation] A[ct], plaintiffs must show that: (1) they are handicapped or disabled as defined under the statute[]; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability. Chambers ex rel. Chambers, 587 F.3d at 189." CG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 235 (3d Cir. 2013). A disability, in turn, is defined as : " '(A) a physical or mental impairment that substantially limits one or more of the major life

activities of [an] individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment.' 42 U.S.C. § 12102." Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 762 (3d Cir. 2004).

Disability determinations across the spectrum of mental health disorders routinely entail a complex and subtle multi-faceted legal, medical and factual analysis. Given the very fact-specific nature of this inquiry, the question of the disabling effect of mental illness often is not susceptible to an easy or simple answer. However, analysis of disability issues in the field of mental health reveals an emerging legal consensus on certain matters. For example, the most severe mental health diagnosis associated with Njos in this case, schizophrenia, is frequently, but not always, deemed to be a disabling mental health condition. Compare, M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn., 439 F.3d 865 (8th Cir. 2006); R.W. v. Bd. of Regents of the Univ. Sys. of Georgia, No. 1:13-CV-2115 LMM, 2015 WL 4306858, at *1 (N.D. Ga. Feb. 27, 2015) with Roman-Martinez v. Potter, 550 F. Supp. 2d 270, 272 (D.P.R. 2008). Similarly, courts have found that bi-polar disorder, a diagnosis claimed by Njos and supported by some medical evidence in the record, (Doc. 126-2., p.47), may constitute a disability under the Rehabilitation Act. See Datto v. Harrison, 664 F. Supp. 2d 472, 495 (E.D. Pa. 2009). Likewise, courts have conceded that, in certain circumstances, major depressive disorders and borderline personality disorders

can be disabling conditions under the Act. Harris v. Oregon Health Sciences Univ., No. CV-98-1-ST, 1999 WL 778584, at *5 (D. Or. Sept. 22, 1999). In contrast, the mental health diagnoses ascribed to Njos by the Bureau of Prisons, malingering and anti-social personality disorder, are often, but not always, viewed as ailments which are not disabling. Compare, Baxter v. Barnhart, 165 F. App'x 802, 804 (11th Cir. 2006); Waldron v. Sec'y of Health, Ed. & Welfare, 344 F. Supp. 1176, 1177 (D. Md. 1972); Hunter v. Sec'y, Dep't of Health, Ed. & Welfare, 284 F. Supp. 524, 525 (E.D. Pa. 1968) supplemented, 329 F. Supp. 43 (E.D. Pa. 1971) with Berman v. Durkin, No. 9:13-CV-0136 LEK/RFT, 2015 WL 1481769, at *12 (N.D.N.Y. Mar. 31, 2015); Oliver v. Johnson, No. 2:09-CV-05336 JLL, 2014 WL 2619845, at *9 (D.N.J. June 11, 2014).

The Rehabilitation Act then sets an exacting standard of causation and only "allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program *solely* on the basis of disability." CG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 235-36 (3d Cir. 2013)(emphasis added.) Thus, to ultimately sustain his burden of proof on his Rehabilitation Act claim Njos must prove both: (1) that he was disabled; and (2) that he was subjected to discrimination exclusively because of his disability.

In this case, the defendant seeks summary judgment on Njos' Rehabilitation Act claims, but do so based largely upon the assertion that Njos' mental health conditions as a matter of law do not meet the definition of a disability under the Act. While Njos must ultimately meet an exacting burden of proof on this Rehabilitation Act claim, as to the single element of this claim that the defendant challenges in this motion–the question of whether the plaintiff disabled as defined under the statute– we believe that there are disputed issues of fact which preclude summary judgment. First, we note that the medical records before us show a factual dispute regarding the precise diagnosis for Njos, with the plaintiff citing records which described his condition as bi-polar disorder, borderline personality disorder, and post-traumatic stress disorder. The defendant, in turn, insists that Njos is a malingerer with an anti-social personality disorder. This diagnostic dispute is a material factual matter in this case, and one which cannot be resolved as a matter of law through summary judgment.

Furthermore, even if the defendant prevails in establishing that the appropriate diagnosis for Njos is that of an anti-social personality disorder, some caselaw suggests that in the proper circumstances this disorder can be disabling. Compare, Baxter v. Barnhart, 165 F. App'x 802, 804 (11th Cir. 2006); Waldron v. Sec'y of Health, Ed. & Welfare, 344 F. Supp. 1176, 1177 (D. Md. 1972); Hunter v. Sec'y, Dep't of Health, Ed. & Welfare, 284 F. Supp. 524, 525 (E.D. Pa. 1968) supplemented, 329 F. Supp. 43

(E.D. Pa. 1971) with Berman v. Durkin, No. 9:13-CV-0136 LEK/RFT, 2015 WL 1481769, at *12 (N.D.N.Y. Mar. 31, 2015); Oliver v. Johnson, No. 2:09-CV-05336 JLL, 2014 WL 2619845, at *9 (D.N.J. June 11, 2014). Simply put, the disabling impact of any mental health diagnosis turns on disputed factual matters, the degree to which the diagnosis " substantially limits one or more of the major life activities of [an] individual." Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 762 (3d Cir. 2004). Once again, the parties present starkly contrasting views on this issue. For example, Njos alleges that his mental health challenges materially impede his ability to function in prison in many ways. In contrast, adopting the view that Njos is primarily a malingerer with anti-social tendencies, the defendant insists that he requires only a minimal degree of mental health care and treatment. These, competing views on essentially factual matters are not amenable to summary judgment resolution. Therefore, and the motion for summary judgment, as submitted, should be denied.

While we conclude that summary judgment is not feasible on the current factual record with respect to the first element of a Rehabilitation Act claim; namely, whether the plaintiff suffers from a disability, nothing in this Report and Recommendation is meant to suggest any view regarding the question of whether the acts of the defendant constituted discrimination against Njos, or whether those acts were undertaken exclusively because of Njos' alleged disability, the other elements of a claim in this

setting.³ Therefore, it is recommended that this motion be denied without prejudice to any other potentially dispositive filing either party may wish to make, provided the parties act promptly.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion for summary judgment, (Doc. 109.), be DENIED, without

---

³In this regard, we note that Njos' claims of discrimination are somewhat elusive and perhaps may be rebutted either by a showing that the services he received were commensurate with those provided to other inmates at Lewisburg, or that the degree of services provided to Njos and all other inmate are commensurate with the diagnosed degree of their impairment. Such a showing may well rebut any claim of improper discrimination, by illustrating that inmates with similar mental health challenges receive similar levels of care at this institution. Further, recognizing that the Rehabilitation Act sets an exacting standard of causation and only "allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program *solely* on the basis of disability." CG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 235-36 (3d Cir. 2013)(emphasis added), there may be other, security-based reasons for disparate treatment of Mr. Njos, security considerations which would defeat any claim by Njos that these actions were taken solely on the basis of his disability. For example, in another lawsuit, Njos v. United States, Civil No. 3:14-CV-1960 , the plaintiff has alleged that he was denied private confidential counseling sessions with mental health staff, but has acknowledged that he had reported to staff that he was obsessed with thoughts of raping, torturing and murdering them. In this setting legitimate security concerns may well justify disparate treatment of Njos in a fashion that would establish as a matter of law that the government's action in declining to provide Njos private therapy sessions with staff that he was obsessed with killing and raping was based on legitimate security concerns and was not be based solely on plaintiff's claimed disability. However resolution of these matters would require a properly documented summary judgment motion.

prejudice to any other potentially dispositive filing either party may wish to make, provided the parties act promptly within 30 days of any order on this motion.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of September 2015.

***S/Martin C. Carlson***<br>Martin C. Carlson<br>United States Magistrate Judge