UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT NJOS,
  Plaintiff,

v.

BUREAU OF PRISONS,
  Defendant.

CIVIL ACTION NO. 3:12-CV-1251

(Judge Kosik)

## MEMORANDUM

Before the court are Plaintiff's Objections (Doc. 223) to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on September 1, 2015 (Doc. 219). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, commenced the instant action on June 29, 2012. The action proceeds on a Second Amended Complaint filed on July 1, 2014 (Doc. 82). Plaintiff brings this action pursuant to the Rehabilitation Act, 29 U.S.C. §504, 705 and 794(a), alleging that the Bureau of Prisons discriminated against him on the basis of his mental disabilities. Following an extensive procedural history, which involves Motions for Summary Judgment filed by both parties, the matter has been assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation. On September 1, 2015, the Magistrate Judge filed a Report and Recommendation, wherein he recommended that Plaintiff's Motions for Summary Judgment and Partial Summary Judgment (Docs. 103, 124,150 and 206) be denied, and the Defendant's Motion to Strike (Doc. 211) be dismissed as moot. On September 17, 2015, Plaintiff filed Objections (Doc. 223) to the Report and Recommendation.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

As the Magistrate Judge points out, Summary Judgment should only be granted when there are no genuine issues of material fact. Moreover, under the Rehabilitation Act, a plaintiff is allowed to recover if he were deprived of an opportunity to participate in a program solely on the basis of disability. In order for Plaintiff to prevail on his Summary Judgment Motions, he would have to show that there is no factual dispute regarding his disability or that the alleged discrimination was solely the basis for the actions taken by the Bureau of Prisons.

In his first Motion for Partial Summary Judgment (Doc. 103), Plaintiff requests the court to find that Plaintiff is disabled as a matter of law. In his second Cross Motion for Summary Judgment (Doc. 124), Plaintiff requests judgment in his favor in response to Defendant's Motion for Summary Judgment. In his third Motion for Summary Judgment (Doc. 150), Plaintiff requests the court to enter judgment on his claim of discrimination and disparate impact and treatment. In his fourth Motion for Summary Judgment (Doc. 206), Plaintiff requests the court to enter judgment in his favor as a matter of law. Attached to his Motions are numerous exhibits which detail psychological assessments throughout an extended period of time, as well as other documents relating to psychological issues and diagnosis.

Defendant also filed a Motion for Summary Judgment (Doc. 109), and supporting documentation (Docs. 110, 111, 133 and 134), which Plaintiff has opposed (Docs. 124-127)[1]. Defendant has also filed Briefs and Documentation in Opposition to Plaintiff's Motions (Docs. 128, 129, 157 and 158).

Based on the enormous record before us, we agree with the Magistrate Judge that genuine issues of material fact exist in the instant action, as to the issues raised in Plaintiff's Motions. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge and deny Plaintiff's Motions for Summary Judgment. An appropriate Order follows.

---

[1]Defendant's Motion for Summary Judgment (Doc. 109) will be addressed in a separate document.