# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1251 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

### I.   Factual Background

This case comes before the Court on a motion filed by the plaintiff demanding that the district court, and this Court, recuse ourselves from this lawsuit. (Doc. 257.) The basis for this recusal request is the plaintiff's disappointment with our prior rulings, and his annoyance that we refuse to adopt his curious position on a legal issue. Specifically, Njos insists that we should be recused because we have ruled that the defendants did not concur in an earlier motion which he filed in this lawsuit when the defendants actually moved to strike this motion.  Because our prior rulings cannot

---

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

form the basis of a recusal motion, for the reasons set forth below, it is recommended that this motion be denied with respect to the district court.[2]

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[3] Much of this litigation involves Njos' recurring complaints regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing

---

[2]We have, by a separate opinion and order, denied Njos' motion that the undersigned be recused.

[3]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the Court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, and a major depressive disorder. (Doc. 83.)

Having framed his claim in this lawsuit in this fashion, Njos filed a series of summary judgment motions and partial summary judgment motions. (Docs. 103, 124, 150, and 206.) While these motions were often cast in slightly different terms, the gravamen of each of these motions was the same. In these pleadings, Njos sought a declaration by this Court finding as a matter of law that Njos was "disabled" as that term is defined under the Rehabilitation Act due to these mental health impairments. Njos also demanded a finding as a matter of law that the Bureau of Prisons had discriminated against him due to his disability by denying him access to certain prison services and programming.

The Bureau of Prisons responded to this battery of summary judgment motions by opposing these motions and contesting Njos' Rehabilitation Act claims on the most basic of factual levels, by disputing that Njos' mental health condition constituted a disability under the Act. In support of these responses in opposition to Njos' numerous summary judgment motions, the defendant tendered declarations and medical records which suggested that Njos did not suffer from the array of catastrophic mental health maladies which he claims. Instead, according to the defendant Njos had been diagnosed as a malingerer who had a non-disabling anti-social personality disorder.

Given that the parties' submissions revealed a stark, material, and very fundamental, factual dispute on issues which go to the heart of this case, we found that these material disputed issues of fact precluded summary for the plaintiff in this case, and recommended that these summary judgment motions be denied. (Doc. 219.) On September 28, 2015, the district court adopted this Report and Recommendation and denied Njos' motions for summary judgment.

Njos' then filed a battery of motions to reconsider or to clarify this ruling, all of which asked us to address a question we had repeatedly addressed for the plaintiff; namely, why the Court did not accept Njos' argument that the defendant did not contest one of his summary judgment motions (Doc. 209.) and, therefore, should have

been deemed to have conceded the facts recited by Njos in that motion. Njos posed this question to the Court on multiple occasions, and on each occasion we explained to Njos that we believed he was wrong when he persisted in claiming that the defendant has conceded this motion, since it was entirely clear that the defendant strenuously opposed that motion, and actually sought to have Njos' summary judgment motion stricken. (Doc. 211.)

Apparently frustrated in his efforts to persuade us on this legal question, Njos has now filed a motion seeking the district court's recusal from this lawsuit. (Doc. 257.) In short, Njos' solution to his inability to persuade us that the defendants concurred in a motion that they actively sought to strike is to demand a new, and different, judge. Njos' recusal motion is explicitly premised on our prior rulings, rulings that he insists provide grounds for recusal. Since this premise that the Court's judicial rulings provide grounds for recusal is incorrect, for the reasons set forth below, it is recommended that this motion be denied.

## II. Discussion

### A. Recusal of This Court is Not Warranted

The legal standards which govern such recusal requests are clear and clearly compelling. These principles begin with the settled tenet that a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the

law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

The guiding benchmarks in this field were aptly summarized in Conklin v. Warrington Township, 476 F.Supp.2d 458 (M.D. Pa. 2007), a case which considered, and rejected, a recusal request. In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against Conklin. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707

F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As we have observed:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
>> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

> Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, a recusal motion may simply be a tactical tool designed to avoid the result which the law dictates in a case. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Judged against these legal standards, the Court should decline the plaintiffs' request that it recuse itself from this case. Indeed, this recusal motion fails for a fundamental reason. The plaintiff simply cannot justify recusal based upon the rulings made by this Court. Such a claim is plainly inadequate to justify recusal since it is absolutely clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224

F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)).

In sum, the grounds for recusal cited by plaintiffs are legally insufficient Therefore, since a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998), this Court should deny this motion to recuse.

### III. Recommendation

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the plaintiff's motion to recuse (Doc. 257.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local

Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of October 2015.

                                             ***S/Martin C. Carlson***
                                             Martin C. Carlson
                                             United States Magistrate Judge