IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1251 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[1]

## I.   Factual Background

This case comes before the Court on a motion filed by the plaintiff demanding that the district court certify an interlocutory appeal of a ruling which denied the plaintiff's motion for summary judgment, finding that there were disputed issues of fact which precluded summary judgment in favor of the plaintiff, a federal prisoner. (Doc. 259.) Disappointed with our prior rulings, and annoyed that we refuse to adopt his curious position on this legal issue, Njos insists that he should be permitted to pursue an immediate and interlocutory appeal of this question.  Because our prior

---

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

rulings finding that disputed factual issues preclude summary judgment cannot form the basis of an interlocutory appeal, for the reasons set forth below, it is recommended that this motion be denied.

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

transformations during the past three years that it has been pending before the Court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, and a major depressive disorder. (Doc. 83.)

Having framed his claim in this lawsuit in this fashion, Njos filed a series of summary judgment motions and partial summary judgment motions. (Docs. 103, 124, 150, and 206.) While these motions were often cast in slightly different terms, the gravamen of each of these motions was the same. In these pleadings, Njos sought a declaration by this Court finding as a matter of law that Njos was "disabled" as that term is defined under the Rehabilitation Act due to these mental health impairments. Njos also demanded a finding as a matter of law that the Bureau of Prisons had discriminated against him due to his disability by denying him access to certain prison services and programming.

The Bureau of Prisons responded to this battery of summary judgment motions by opposing these motions and contesting Njos' Rehabilitation Act claims on the most basic of factual levels, by disputing that Njos' mental health condition constituted a disability under the Act.  In support of these responses in opposition to Njos' numerous summary judgment motions, the defendant tendered declarations and medical records which suggested that Njos did not suffer from the array of catastrophic mental health maladies which he claims.  Instead, according to the defendant Njos had been diagnosed as a malingerer who had a non-disabling anti-social personality disorder.

Given that the parties' submissions revealed a stark, material, and very fundamental, factual dispute on issues which go to the heart of this case, we found that these material disputed issues of fact precluded summary for the plaintiff in this case, and recommended that these summary judgment motions be denied.  (Doc. 219.)  On September 28, 2015, the district court adopted this Report and Recommendation and denied Njos' motions for summary judgment.

Njos' then filed a battery of motions to reconsider or to clarify this ruling, all of which asked us to address a question we had repeatedly addressed for the plaintiff; namely, why the court did not accept Njos' argument that the defendant did not contest one of his summary judgment motions (Doc. 209.) and, therefore, should have been

deemed to have conceded the facts recited by Njos in that motion. Njos posed this question to the Court on multiple occasions, and on each occasion we explained to Njos that we believed he was wrong when he persisted in claiming that the defendant has conceded this motion, since it was entirely clear that the defendant strenuously opposed that motion, and actually sought to have Njos' summary judgment motion stricken. (Doc. 211.)

Apparently frustrated in his efforts to persuade us on this legal question, Njos has now filed a motion demanding that we certify an interlocutory appeal of this question. (Doc. 259.) In short, Njos' solution to his inability to persuade us that the defendants concurred in a motion that they actively sought to strike is to demand an immediate appeal of this fact-bound ruling. Since the denial of a summary judgment motion on the grounds that there existed disputed issues of fact is not a question which may be entertained in an interlocutory appeal, for the reasons set forth below, it is recommended that this motion be denied.

**II.     Discussion**

The legal standards which govern interlocutory appeals are clear and clearly compelling. Under 28 U.S.C. §1292(b): "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292 (b).

This case involves a particular, and peculiar, type of a request for an interlocutory appeal. The plaintiff seeks to appeal the denial of a summary judgment motion where that denial rested upon the Court's finding that disputed material issues of fact precluded summary judgment in favor of this federal prisoner. Thus, at bottom, Njos wishes to set aside the normal course of litigation in order to immediately appeal a ruling which simply stated that there were material factual disputes in this case which prevent him from prevailing as a matter of law.

This he cannot do. It is well-settled that the denial of a summary judgment motion based upon the existence of a disputed issues of material fact is not the type of issue which may be pursued in an interlocutory appeal. Therefore, a litigant simply "may not appeal a district court's summary judgment order insofar as that order

determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995). See, e.g., Spiess v. Pocono Mountain Reg'l Police Dep't, 580 F. App'x 116 (3d Cir. 2014); Blaylock v. City of Philadelphia, 504 F.3d 405, 406 (3d Cir. 2007); Barton v. Curtis, 497 F.3d 331 (3d Cir. 2007). Since this ruling, which simply found that there was a factual dispute in this case which precluded a judgment in Njos' favor as a matter of law, is not an appealable interlocutory order, this motion to certify an interlocutory appeal (Doc. 259.), should be denied.[3]

### III. Recommendation

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the plaintiff's motion to certify an interlocutory appeal (Doc. 259.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition

---

[3] The analysis of this motion does not change if Njos frames the issue in terms of whether the defendants have conceded and concurred in his prior summary judgment motion since as a factual matter they plainly did not concur in that motion. Rather they opposed it in the most vociferous manner possible, by seeking to have the motion stricken from the court record. Our factual finding that a motion to strike evinces disagreement with the thing that is sought to be stricken, like our finding concerning disputed issues of fact precluding summary judgment, simply is not the type of final order which may be the subject of an interlocutory appeal.

of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of October 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge