# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NJOS,** | : | CIVIL NO. 3:12-CV-1251 |
| | : | |
| **Plaintiff,** | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION[1]

### I.   Statement of Facts and of the Case.

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, and a major depressive disorder. (Doc. 83.)

Having framed his claim in this lawsuit in this fashion, Njos filed a series of summary judgment motions and partial summary judgment motions. (Docs. 103, 124, 150, and 206.) While these motions were often cast in slightly different terms, the

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

gravamen of each of these motions was the same. In these pleadings, Njos sought a declaration by this court finding as a matter of law that Njos was "disabled" as that term is defined under the Rehabilitation Act due to these mental health impairments. Njos also demanded a finding as a matter of law that the Bureau of Prisons had discriminated against him due to his disability by denying him access to certain prison services and programming.

The Bureau of Prisons responded to this battery of summary judgment motions by opposing these motions and contesting Njos' Rehabilitation Act claims on the most basic of factual levels, by disputing that Njos' mental health condition constituted a disability under the Act. In support of these responses in opposition to Njos' numerous summary judgment motions, the defendant tendered declarations and medical records which suggested that Njos did not suffer from the array of catastrophic mental health maladies which he claims. Instead, according to the defendant Njos had been diagnosed as a malingerer who had a non-disabling anti-social personality disorder.

Given that the parties' submissions revealed a stark, material, and very fundamental, factual dispute on issues which go to the heart of this case, we found that these material disputed issues of fact precluded summary for the plaintiff in this case, and recommended that these summary judgment motions be denied. (Doc. 219.) On September 28, 2015, the district court adopted this Report and Recommendation and denied Njos' motions for summary judgment.

With the commendable, if occasionally misplaced, diligence which has marked Njos' approach to this litigation, the plaintiff has now filed multiple motions to reconsider, set aside, reverse, and appeal this ruling denying his summary judgment motions, arguing that the ruling, which simply identified a clear factual dispute between these parties, contains "manifest errors of law and fact." (Doc. 240, 241.) In this regard, Njos' argument remains premised on the fixed and erroneous notion that Njos believes the defendant did not contest one of his summary judgment motions. (Doc. 209.) Therefore, according to Njos, the defendant should be deemed to have conceded the facts recited by Njos in that motion. Njos persists in claiming that the defendant has conceded this motion, even though it is entirely clear that the defendant strenuously opposed that motion, and actually sought to have Njos' summary judgment motion stricken. (Doc. 211.)

Njos' latest effort to re-litigate this matter comes in the form of a Rule 60(b)(4) Motion for Relief from an order. (Doc. 268.) This motion reprises claims that Njos has repeatedly made in the past, and which have been rejected in the past by this court. For the reasons set forth below, under Rule 60(b)(4), Njos is not entitled to relief from these prior rulings by simply repeating his discredited assertion that the defendants concurred in a motion which they plainly opposed. Therefore, for the reasons set forth below, it is recommended that this Rule 60(b)(4) motion for relief from a judgment be denied.

## II. Discussion

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial

judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Here, Njos' motion cites Rule 60(b)(4) as the legal grounds upon which the plaintiff seeks to set aside our prior order denying him summary judgment. This provision of the rule permits judgments to be re-opened based upon a showing that the judgment is void. On this score: " A judgment may indeed be void, and therefore subject to relief under 60(b) (4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.' United States v. Walker, 109 U.S. 258, 265-67, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883); 7 J. Moore, Moore's Federal Practice ¶ 60.25(2), at 301-06 (2d ed. 1975); 11 C. Wright & A. Miller, supra § 2862, at 198-200; see Lubben v. Selective Service System Local Board No. 27, supra, 453 F.2d at 649-50. By contrast, a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 374-78, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Lubben v. Selective Service System Local Board No. 27, supra, 453 F.2d at 649-50; Elgin National Watch Co. v. Barrett, supra,

213 F.2d at 779; 7 Moore's Federal Practice, supra ¶ 60.25(2), at 303-06; 11 C. Wright & A. Miller, supra s 2862, at 198." <u>Marshall v. Bd. of Ed., Bergenfield, N. J.</u>, 575 F.2d 417, 422 (3d Cir. 1978). Therefore, "[a] judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant. <u>See Marshall v. Bd. of Educ.</u>, 575 F.2d 417, 422 (3d Cir.1978)." <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 258 (3d Cir. 2008). However, a judgment is not void simply because one party regards that judgment as wrong. <u>Id</u>.

This basic tenet applies here and is fatal to Njos' Rule 60(b)(4) motion for relief from judgment. While Njos may labor under the persistent view that our ruling denying his motion for summary judgment was wrong, he cannot show that this ruling and judgment is void because we lacked jurisdiction over this dispute. Quite the contrary, this federal court plainly has jurisdiction over a civil rights lawsuit which involves conduct which allegedly occurred within the jurisdiction of the court and involved parties who are plainly subject to the court's personal jurisdiction. Since we clearly act within the scope of our jurisdiction, this judgment is not void, no matter how fervently Njos believes it to be wrong, and this Rule 60(b)(4) motion should be denied.

Rather, it remains evident that the parties in this litigation continue to actively dispute whether Njos was, in fact, disabled, the first essential prerequisite to a Rehabilitation Act claim. The contrasting positions of the parties turn on the proper diagnosis of Njos mental health conditions, and a fact-bound assessment of how those

conditions limit Njos' major life activities. As framed by the parties, these are hotly disputed factual matters, which simply cannot be resolved on summary judgment. This threshold factual controversy, in turn, continues to define other essentially factual disputes between these parties. Because Njos views himself as disabled, he sees all subsequent prison policy decisions affecting him as evidence of discrimination against him based solely upon his disability. The Bureau of Prisons, in turn, considers Njos to be an anti-social malingerer. Viewing Njos through the prism of this perspective, prison officials see their actions as necessary security measures designed to promote institutional order when dealing with a dangerous, disruptive recalcitrant inmate. Since none of these fact-bound questions were amenable to resolution in Njos' favor as a matter of law, and Njos' claims were replete with factual controversies, the court properly denied the plaintiff's motions for summary judgment and that judgment may not be called void merely because Njos thinks that it is incorrect.

### III. <u>**Recommendation**</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's Motion for Relief, (Doc. 268), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk

of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of November, 2015.

                                             *S/Martin C. Carlson*
                                             Martin C. Carlson
                                             United States Magistrate Judge