# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NJOS,** | : | **CIVIL NO. 3:12-CV-1251** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

# MEMORANDUM OPINION AND ORDER[1]

## I.  Factual Background

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 170-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the medical care and treatment which he receives at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings a single claim against a solitary defendant.

Presently, Njos is bringing a claim against the Federal Bureau of Prisons in this case pursuant to the Rehabilitation Act, 29 U.S.C. §§504, 705, and 794(a). In essence, Njos alleges that the Federal Bureau of Prisons is discriminating against him based upon a disability which he suffers, in that federal prison official are excluding him from prison programming based solely upon his disabilities. Njos describes these disabilities as a history of bi-polar disorder, post-traumatic stress disorder, and a major depressive disorder. (Doc. 83.)

---

[2] See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

Having framed his claim in this lawsuit in this fashion, Njos filed a series of summary judgment motions and partial summary judgment motions. (Docs. 103, 124, 150, and 206.) While these motions were often cast in slightly different terms, the gravamen of each of these motions was the same. In these pleadings, Njos sought a declaration by this court finding as a matter of law that Njos was "disabled" as that term is defined under the Rehabilitation Act due to these mental health impairments. Njos also demanded a finding as a matter of law that the Bureau of Prisons had discriminated against him due to his disability by denying him access to certain prison services and programming.

The Bureau of Prisons responded to this battery of summary judgment motions by opposing these motions and contesting Njos' Rehabilitation Act claims on the most basic of factual levels, by disputing that Njos' mental health condition constituted a disability under the Act. In support of these responses in opposition to Njos' numerous summary judgment motions, the defendant tendered declarations and medical records which suggested that Njos did not suffer from the array of catastrophic mental health maladies which he claims. Instead, according to the defendant Njos had been diagnosed as a malingerer who had a non-disabling anti-social personality disorder.

Given that the parties' submissions revealed a stark, material, and very fundamental, factual dispute on issues which go to the heart of this case, we found that

these material disputed issues of fact precluded summary for the plaintiff in this case, and recommended that these summary judgment motions be denied. (Doc. 219.) On September 28, 2015, the district court adopted this Report and Recommendation and denied Njos' motions for summary judgment.

Njos' then filed a battery of motions to reconsider or to clarify this ruling, all of which asked us to address a question we had repeatedly addressed for the plaintiff; namely, why the court did not accept Njos' argument that the defendant did not contest one of his summary judgment motions (Doc. 209.) and, therefore, should have been deemed to have conceded the facts recited by Njos in that motion. Njos posed this question to the court on multiple occasions, and on each occasion we explained to Njos that we believed he was wrong when he persisted in claiming that the defendant has conceded this motion, since it was entirely clear that the defendant strenuously opposed that motion, and actually sought to have Njos' summary judgment motion stricken. (Doc. 211.)

Apparently frustrated in his efforts to persuade us on this legal question, Njos filed a motion seeking our recusal from this lawsuit, which we denied since our legal rulings cannot form the basis for recusal. Njos, who is persistent when he embraces a fixed idea, then lodged a document styled as a Complaint of Judicial Disability. This complaint alleges that the court's failure to accept Njos' argument that the defendant should be deemed to have concurred in a summary judgment motion filed by the

plaintiff which the defendant sought to strike shows that the court "suffer[s] a severe impairment of cognitive abilities." (Doc. 265-1.) In short, Njos has now taken the position that we must be mentally disabled since we fail to accept his argument that the defendant's active opposition to his summary judgment motion actually reflected tacit concurrence in that motion.

Njos has now filed a motion requesting that we direct the clerk to serve this complaint of judicial disability on the Circuit Executive. (Doc. 277.) In order to allow Njos every opportunity to pursue this notion, IT IS ORDERED that this motion is GRANTED, and the clerk is directed to forward Njos' Complaint of Judicial Disability (Doc. 265-1.), and this order to:

>  Circuit Executive, United States Court of Appeals for the Third Circuit
>  22409 U.S. Courthouse, 601 Market Street
>  Philadelphia, Pa. 19106-1790

So ordered this 13th day of January 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
