UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

———————————————————
SCOTT NJOS,
           Plaintiff,

      v.

UNITED STATES OF AMERICA,
           Defendant.
———————————————————

CIVIL ACTION NO. 3:12-CV-1251

(Judge Kosik)

**MEMORANDUM**

    Before the court are several Reports and Recommendations of Magistrate Judge Martin C. Carlson (Docs. 232, 242, 262, 263, and 270) filed in the above-captioned action, as well as the Objections of Plaintiff. For the reasons which follow, we will adopt the Reports and Recommendations of the Magistrate Judge.

BACKGROUND

    Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, commenced the instant action on June 29, 2012. The action proceeds on a Second Amended Complaint filed on July 1, 2014 (Doc. 82). Plaintiff brings this action pursuant to the Rehabilitation Act, 29 U.S.C. §504, 705 and 794(a), alleging that the Bureau of Prisons discriminated against him on the basis of his mental disabilities. Following an extensive procedural history, which involves Motions for Summary Judgment filed by both parties, the matter has been assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation.

    On September 28, 2015, we issued a Memorandum and Order in which we adopted the Magistrate Judge's Report and Recommendation finding that based on the voluminous record before us, we agreed with the Magistrate Judge that genuine issues of material fact exist in the instant action, as to the issues raised in Plaintiff's Motions, denied Plaintiff's Motions for Summary Judgment, and dismissed Defendant's Motion to Strike as moot (Docs. 233 and 234).

Following our denial of Plaintiff's Summary Judgment Motions, numerous motions were filed by Plaintiff challenging this court's findings. The Reports and Recommendations of the Magistrate Judge address these motions. We will now consider the Reports and Recommendations in light of Plaintiff's Objections.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

A. REPORT AND RECOMMENDATION OF SEPTEMBER 28, 2015 (Doc. 232)

In this Report and Recommendation, the Magistrate Judge addresses Defendant's Motion for Summary Judgment (Doc. 109). Specifically, Defendant argues that Plaintiff is not disabled as that term is defined under the Rehabilitation Act. In support of its motion, Defendant submitted declarations and medical records. After reviewing the summary judgment standard and the law surrounding the Rehabilitation Act, the Magistrate Judge concluded that disputed issues of material fact precluded granting summary judgment for the Defendant on the issue of disability under the Rehabilitation Act.

Plaintiff filed Objections (Doc. 246) to the Magistrate Judge's finding that a genuine dispute of material facts preclude summary judgment on the question of

whether Plaintiff qualifies for the Rehabilitation Act definition of disability. Plaintiff argues that the evidence submitted by Defendant as to his disability is inadmissible, that the court should consider the evidence submitted by Plaintiff in support of his disability and that the court should grant summary judgment in favor of Plaintiff.

As the Magistrate Judge pointed out, summary judgment should only be granted when there are no genuine issues of material fact. Moreover, under the Rehabilitation Act, a plaintiff is allowed to recover if he were deprived of an opportunity to participate in a program solely on the basis of disability. In order for Plaintiff to prevail on a summary judgment motion, he would have to show that there is no factual dispute regarding his disability or that the alleged discrimination was solely the basis for the actions taken by the Bureau of Prisons.

Both parties submitted supporting documentation on the issue of Plaintiff's disability under the Rehabilitation Act. While Plaintiff requests that this court discount Defendant's evidence and rely solely on his evidence, that is not the proper basis for the entry of summary judgment. We agree with the Magistrate Judge that genuine issues of material fact exist as to Plaintiff's disability. Thus, we will adopt the Report and Recommendation of the Magistrate Judge.

B. REPORT AND RECOMMENDATION OF OCTOBER 6, 2015 (Doc. 242)

In this Report and Recommendation, the Magistrate Judge addresses Plaintiff's Motion for Reconsideration (Doc. 240) of Documents 233 and 234, which adopted the Report and Recommendation of the Magistrate Judge and denied Plaintiff's Motion for Summary Judgment. Plaintiff filed Objections (Doc. 50) to the Report and Recommendation. The underlying basis for the Report and Recommendation and Plaintiff's Objections is as follows.

Throughout the course of this litigation, Plaintiff has filed several motions for summary judgment, insisting that he is entitled to judgment as a matter of law. With

respect to one of his motions for summary judgment (Doc. 206), Plaintiff filed a supporting brief (Doc. 207), a Statement of Material Facts (Doc. 208) and Exhibits (Doc. 209).  In response to the Motion, Defendant filed a Motion to Strike (Doc. 211) and a supporting brief (Doc. 212), pointing to Plaintiff's previous motions for summary judgment and the Defendant's prior responses and arguing that the fourth motion for summary judgment was untimely and redundant citing Fed R. Civ. P. 12(f). Plaintiff asserts that because Defendant filed a Motion to Strike, but did not file a response to his Statement of Material Facts, pursuant to Local Rule 56.1, his Statement of Material Facts should be deemed admitted and summary judgment should be entered in his favor.

As the Magistrate Judge points out, the record in this action clearly shows that genuine issues of material fact surround Plaintiff's claims under the Rehabilitation Act.  Moreover, the extensive record and documentation submitted in support of and in opposition to the parties several motions for Summary Judgment evidence the conflicting issues surrounding Plaintiff's claims.  Defendant's obligation to respond to Plaintiff's Motion for Summary Judgment would not be triggered until the Motion to Strike was decided by the court.  We note that the Motion to Strike was denied as moot after the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied (Doc. 219).  We adopted the Magistrate Judge's Report and Recommendation (Doc. 234).  Thus, Defendant was under no obligation to respond to Plaintiff's Motion prior to the court's decision on the Motion to Strike.  Moreover, in Anchorage Associates v. Virgin Islands Bd. Of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990), the Court of Appeals for the Third Circuit held that a local rule alone is not a sufficient basis for the entry of a summary judgment.  In addition, there must be a finding that judgment for the moving party would be appropriate.  As the Magistrate Judge points out, reviewing the record as a whole, including the documentation submitted by the parties in support of and in opposition to, the respective summary

judgment motions, summary judgment was not warranted for either party.  The Motion for Reconsideration will be denied.

C. REPORT AND RECOMMENDATION OF OCTOBER 27, 2015 (Doc. 262)

In this Report and Recommendation, the Magistrate Judge addresses Plaintiff's Motion for Recusal (Doc. 257).  The Magistrate Judge sets forth the background of this case, the Plaintiff's basis for seeking this court's recusal and the legal standards which govern recusal requests.  As the Magistrate Judge points out, a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal.  Here, Plaintiff was dissatisfied with this court's ruling on his summary judgment motions and his belief that this court ignored the law, and in particular, the local rules of court, in deciding his motions.  While Plaintiff in his Objections (Doc. 266) asserts bias on the part of the court, this assertion is misplaced.  As we indicated above, Defendant was not obligated to respond to the Plaintiff's Motion for Summary Judgment until it's Motion to Strike was decided by the court.  Additionally, Local Rule 56.1 alone was not a sufficient basis for granting summary judgment in a case with conflicting documentation.  See, Anchorage Assoc., 922 F. 2d at 175.  Accordingly, Plaintiff's Motion for Recusal will be denied.

D. REPORT AND RECOMMENDATION OF OCTOBER 27, 2015 (Doc. 263)

In this Report and Recommendation, the Magistrate Judge addresses Plaintiff's Motion to Certify a Non-Final Order for Interlocutory Appeal (Doc. 259). After discussing the legal standards governing interlocutory appeals, the Magistrate Judge found that the denial of a summary judgment motion, based upon the existence of a disputed issue of material fact, is not the type of issue which may be pursued in an interlocutory appeal.  We agree.  While Plaintiff again raises Local Rule 56.1 as the basis for his Objections (Doc. 269), we will rely on our earlier

findings to show why Plaintiff's reliance is misplaced. Because we find no merit to Plaintiff's Objections, we will deny Plaintiff's Motion to Certify a Non-Final Order for Interlocutory Appeal.

E. REPORT AND RECOMMENDATION OF NOVEMBER 9, 2015 (Doc. 270)

In this Report and Recommendation, the Magistrate Judge addresses Plaintiff's Motion for Relief from a Judgment, and specifically, Fed. R. Civ. P. 60(b)(4). The Magistrate Judge goes on to assert that Plaintiff's reliance on Rule 60(b)(4) is misplaced. We agree. While Plaintiff may believe that our ruling on his summary judgment motion was wrong, the judgment is not void. Additionally, Plaintiff's Objections (Doc. 273), which argue that Fed. R. Civ. P. 60(b)(6) should be applied to this situation is also misplaced. Rule 60(b)(6), "any other reason that justifies relief", requires exceptional circumstances or undue hardship, neither of which exist in the instant case. As the Magistrate Judge points out, this case, which as an extensive record, involves Plaintiff's disagreement with this court's rulings on summary judgment motions. Because all of this court's rulings in this action have been predicated on the rule of law, we will deny Plaintiff's Motion for Relief from an Order (Doc. 268).