UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JAN 19 2017

PER _____
DEPUTY CLERK

SCOTT NJOS,                        :

           Plaintiff,        :

                        :

      v.                            :        CIVIL NO. 3:12-CV-1251

                        :

BUREAU OF PRISONS,                 :        (Judge Kosik)

                        :

           Defendant.       :

## MEMORANDUM

Presently pending is a civil rights action filed by Scott Njos against the Federal Bureau of Prisons ("BOP") pursuant to the Rehabilitation Act, 29 U.S.C. §§ 504, 705, and 794(a). Njos is alleging that the BOP is discriminating against him based upon a disability that he suffers, in that federal prison officials are excluding him from prison programming based solely upon his disabilities. Presently pending is Njos' motion to strike the second motion for summary judgment filed by Defendant (Doc. 295) and his request for clarification/explanation (Doc. 307). For the reasons that follow, clarification will be provided, and the motion to strike will be denied. A separate Memorandum and Order will be issued addressing Defendant's second motion for summary judgment.

## I.  Background

Njos describes his disabilities as a history of bi-polar disorder, post-traumatic stress disorder, major depressive disorder, and schizophrenia. (Doc. 83.)  Based on the forgoing, he claims that he meets the definition of disabled under the Rehabilitation Act, and that the BOP has violated the Act because they are discriminating against him solely because of his disability by denying him access to certain prison services and programming.  At the time he filed this action and the motions referenced above, he was confined in the Special Management Unit ("SMU") at the United States Penitentiary at Lewisburg ("USP-Lewisburg").  He is now confined at the United States Penitentiary at Florence in Colorado.   The history of this case, both procedural and factual, is aptly set forth by the Magistrate Judge in the Reports and Recommendations issued is this matter.  (See Docs. 219, 232.)

Motions for summary judgment and partial summary judgment have been filed by Plaintiff in this matter, and the BOP responded claiming that Njos' mental conditions do not meet the definition of disability under the Rehabilitation Act.  On September 1, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's motions be denied because factual disputes existed between the parties as to whether Plaintiff suffered from a disability.  (Doc. 219.)  On September 28, 2015, an R&R was issued by the Magistrate Judge denying a

motion for summary judgment filed by Defendant. (Doc. 232.) In this opinion, the

Magistrate Judge found that material issues of fact existed as to whether Njos was

disabled as that term is defined in the Rehabilitation Act. It was stated in the R&R

that "the gravamen of the summary judgment motion attacks the first element of Njos'

Rehabilitation Act claim, which requires proof that, the plaintiff is 'disabled' as that

term is defined under the Rehabilitation Act due to these mental health impairments."

(Id. at 3.) Defendant sought a finding as a matter of law that Plaintiff was not

disabled by filing a summary judgment motion, and submitted declarations and

medical records in support thereof, suggesting that Plaintiff was a malingerer with a

non-disabling anti-social personality disorder. In considering this issue, the

Magistrate Judge specifically concluded that material disputed issues of fact existed

on Plaintiff's Rehabilitation claim precluding summary judgment in this case "on the

question of whether Njos is disabled as that term is used in the Rehabilitation Act."

(Id.) The Magistrate Judge specifically stated that it was leaving for another day

the question of "whether Njos can establish the other elements of a Rehabilitation Act

claim." (Id.) Moreover, the Magistrate Judge specifically framed the issue in terms

of the first element of an action under the Rehabilitation Act (whether Plaintiff was,

in fact, disabled as that term is defined by the Act), and stated that Plaintiff not only

had to prove he was disabled to be successful, but also was required to prove that the

3

BOP subjected him to discrimination exclusively because of his disability.  (Id. at 9.)

Both must be shown by Plaintiff to sustain his burden of proof on a Rehabilitation

claim.  The Magistrate Judge specifically stated as follows:

> While we conclude that summary judgment is not feasible on the current factual record with respect to the first element of a Rehabilitation Act claim; namely whether the plaintiff suffers from a disability, nothing in this Report and Recommendation is meant to suggest any view regarding the question of whether the acts of the defendant constituted discrimination against Njos, or whether those acts were undertaken exclusively because of Njos' alleged disability, the other elements of a claim in this setting.

(Id. at 11-12.)   Based on the foregoing, the Magistrate Judge recommended that

Defendant's motion be denied, without prejudice to the filing of any other potentially

dispositive motion by either party within thirty (30) days of any order issued by the

court with respect to the R&R.

On the same date the foregoing R&R was issued, the court issued a

Memorandum and Order adopting the earlier R&R of the Magistrate Judge with

respect to Plaintiff's motions for summary judgment and partial summary judgment in

this matter.  On September 28, 2015, this court adopted the September 1, 2015 R&R

of the Magistrate Judge over Plaintiff's objections, and denied Plaintiff's motions.

(Docs. 233, 234.)

On February 25, 2016, the court issued a Memorandum and Order addressing

4

the outstanding Reports and Recommendations of the Magistrate Judge, and the objections thereto, filed by Plaintiff. (Docs. 285, 286.)  All of the recommendations of the Magistrate Judge were adopted by this court.  In particular, and relevant to the pending matter, the court adopted the recommendation of the Magistrate Judge issued on September 28, 2015, denying Defendant's motion for summary judgment and also rejecting Plaintiff's objections to the court's adoption of the Magistrate Judge's denial of his motions for summary judgment and partial summary judgment.  (Docs. 233, 234.)  This court agreed with the Magistrate Judge that disputed issues of fact existed as to whether Plaintiff suffered from a "disability" and, as such, summary judgment was not appropriate.  In the order issued by this court on February 25, 2016, it is clearly stated that the Reports and Recommendations of the Magistrate Judge in this case are adopted.  (Doc. 286.)

On March 25, 2016, one month after the issuance by the court of the above order adopting the Report and Recommendation of the Magistrate Judge denying Defendant's first motion for summary judgment without prejudice to the parties to file a further dispositive motion within thirty (30) days of this court's order, Defendant submitted a second motion for summary judgment.  (Doc. 291.)  In the motion, while Defendant does not agree that Plaintiff suffers from a disability as is required under the Rehabilitation Act, Defendant assumes Plaintiff meets this prong, but states

5

Defendant is still entitled to summary judgment because there are no disputed issues of fact with respect to the matter of whether Plaintiff was discriminated against solely because of his disability. In support of the motion, Defendant submits a brief, a statement of undisputed facts and numerous supporting records.

Plaintiff moves to strike Defendant's second motion for summary judgment claiming that it presents an insufficient defense and immaterial matter. (Docs. 295, 296.) In particular, Plaintiff states in his supporting brief that the Magistrate Judge already found disputed issues of fact to exist as to whether Plaintiff is disabled, and therefore any entry of summary judgment is inappropriate and the issue must be decided by a jury. (Doc. 296 at 2.) In opposing the motion, Defendant argues that there is no merit to Plaintiff's motion to strike because although the Magistrate Judge concluded that summary judgment was not feasible on the record before him at that time with respect to the first element of the Rehabilitation Act, namely whether Plaintiff suffered from a disability, that the motion should be denied without prejudice to any other potentially dispositive motion filed by either party. (Doc. 300 at 1-2.) Defendant states that because the BOP is assuming, for purposes of filing the motion only, that Plaintiff is disabled, the BOP can move for summary judgment with respect to the second prong. Defendant maintains that even if Plaintiff was able to prove he was disabled, the BOP is still entitled to judgment as a matter of law because

6

he was offered the same programming opportunities and services as non-disabled inmates at USP-Lewisburg.  As such, his claims under the Rehabilitation Act are without merit.  (Id. at 2.)

While in his reply brief Plaintiff argues the merits of whether he is disabled, and argues he will be prejudiced if this issue is not decided by a jury (Doc. 303 at 1), any such determination is irrelevant if Defendant assumes the existence of a disability for purposes of the second motion for summary judgment.  While Plaintiff claims that Defendant is dictating the defense in this case, it still remains that Plaintiff must prove both elements - that he is disabled and that he was being discriminated against solely because of the disability.  If Defendant is willing to assume a disability for purposes of their second motion, and can demonstrate no disputed issues of fact with respect to the second required element of the cause of action, then summary judgment would be appropriate.  Thus, without passing judgment at this point as to the merits of the second motion for summary judgment, the court finds it both timely and properly filed.  Plaintiff's motion to strike will be denied.

Also pending is Plaintiff's motion seeking clarification/explanation as to the meanings of the Reports and Recommendations issued by the Magistrate Judge in this case with respect to the denials of summary judgment, the adoption by the court of those Reports and Recommendations, and how Defendant can file a second

dispositive motion in this matter.  In reviewing the Reports issued by the Magistrate

Judge, while it is true that he does state over and over that disputed issues of fact exist

in this case, it is also clear that he focuses only on whether a disability exists.  The

Magistrate Judge also makes clear that he is not deciding the issue of discrimination,

but rather, only that issues of fact exist with respect to the first necessary element of a

Rehabilitation Act claim.  This is emphasized when the Magistrate Judge states

explicitly that he is only deciding the issue of disability and is leaving for another day

the issue of whether Plaintiff can establish the other elements of a Rehabilitation Act

claim.  (Doc. 232 at 3.)(emphasis added.) This court adopted the Reports and

Recommendations of the Magistrate Judge.  Moreover, in the later R&R of the

Magistrate Judge on the issue of summary judgment, he specifically leaves open the

possibility of filing a further dispositive motion by either party.  In addition, he

includes a footnote with respect to the issue of discrimination and the proof that

would be required.  (Doc. 232 at n. 3.)  It is also noted that Plaintiff has filed a

lengthy opposition to Defendant's second motion addressing the merits of any

discrimination claim, and providing numerous opposing exhibits to the court.  As

such, the clarification/explanation provided by the court is that the Magistrate Judge's

Reports and Recommendations speak for themselves and were adopted by the court.

Only the issue of the existence of a disability was discussed by the Magistrate Judge

and found to be in dispute.  The second dispositive motion filed by Defendant is

properly filed and will be addressed in due course.  An appropriate order follows.