UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB - 8 2017

PER _____ DEPUTY CLERK

SCOTT NJOS,

          Plaintiff,

v.                                    :     CIVIL NO. 3:12-CV-1251

BUREAU OF PRISONS,                    :     (Judge Kosik)

          Defendant.

## MEMORANDUM

Presently pending in the above civil rights action filed by Scott Njos against the Federal Bureau of Prisons ("BOP") are Plaintiff's Motion for Reconsideration of and Objections to the Memorandum and Order issued by the court on January 19, 2017 (Doc. 316), and his Emergency Motion to Compel (Doc. 317) filed on January 31, 2017. He files this action pursuant to the Rehabilitation Act, 29 U.S.C. §§ 504, 705, and 794(a) and alleges that the BOP is discriminating against him based upon a disability that he suffers, in that federal prison officials are excluding him from prison programming based solely upon his disabilities. Also pending is Plaintiff's status report wherein he advises the court as to the current status of his possession of the legal materials in the above matter. (Doc. 315.)

I. **Background**

Njos describes his disabilities as a history of bi-polar disorder, post-traumatic stress disorder, major depressive disorder, and schizophrenia. (Doc. 83.) Based on the forgoing, he claims that he meets the definition of disabled under the Rehabilitation Act, and that the BOP has violated the Act because they are discriminating against him solely because of his disability, by denying him access to certain prison services and programming. At the time he filed this action, Plaintiff was confined in the Special Management Unit ("SMU") at the United States Penitentiary ("USP") at Lewisburg (USP-Lewisburg). He is now confined at the USP- Florence in Colorado. The history of this case, both procedural and factual, is aptly set forth by the Magistrate Judge in the Reports and Recommendations issued is this matter. (See Docs. 219, 232.) As such, the court did not set forth the entire procedural and factual history in the Memorandum and Order issued on January 31, 2017.

A. **Motion for Reconsideration/Objections**

Plaintiff seeks reconsideration of/files objections to the January 31, 2017 decision claiming that the jury must first find that he had a disability and the exact type of disability, before moving on to the second element of a Rehabilitation Act claim. The court did not grant a motion to strike filed by Plaintiff wherein he sought

2

to strike a second motion for summary judgment filed by Defendant. In the second motion for summary judgment, the Defendant was willing, for the purposes of the motion, to agree to the existence of a disability on the part of Plaintiff, and moved for summary judgment on the basis that even if a disability existed, no discrimination took place.

Plaintiff states that he files his motion pursuant to Fed. R. Civ. P. 46. This is inappropriate in that Rule 46 objections are to rules and orders made in trials. Clearly, such is not the case here. In any event, even if the motion was filed pursuant to Fed. R. Civ. P. 59, the court finds that Plaintiff is not entitled to relief.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence

3

which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. Hoey, 2011 WL 748152, at *2. The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

In the Memorandum issued by the court, it was stated that summary judgment was not feasible on the current factual record with respect to the first element of a Rehabilitation Act claim, namely whether the plaintiff suffers from a disability. The Memorandum also stated that nothing in the Magistrate Judge's Report and Recommendation suggested any view regarding the question of whether the acts of Defendant constituted discrimination against Plaintiff, or whether those acts were

4

undertaken exclusively because of Plaintiff's alleged disability, the other elements of a claim in this setting. (Doc. 313 at 6.) This court agreed with the recommendation of the Magistrate Judge that Defendant's motion for summary judgment with respect to whether a disability existed be denied, but without prejudice to the filing of any other potentially dispositive motion by either party. The second motion for summary judgment filed by Defendant assumed that Plaintiff met the disability element, but argued that even if he had a disability, summary judgment should be entered in that no genuine issues of fact existed with respect to the second required element, because no discrimination solely because of that disability, took place.

Plaintiff's motion to strike Defendant's second motion for summary judgment claiming that it presented an insufficient defense and immaterial matter was denied. The court found that although the Magistrate Judge concluded that summary judgment was not feasible on the record before him at that time with respect to the first element of the Rehabilitation Act, namely whether Plaintiff suffered from a disability, that the motion should be denied without prejudice to any other potentially dispositive motion filed by either party. (Doc. 300 at 1-2.) This court found that because the BOP was assuming, for purposes of filing the motion only, that Plaintiff is disabled, the BOP can move for summary judgment with respect to the second prong. No opinion was expressed by the court with respect to whether Defendant

5


would be successful.

The court also addressed Plaintiff's arguments in his reply brief with respect to the issue of whether he is disabled and prejudiced if this issue is not decided by a jury (Doc. 303 at 1), finding any such determination to be irrelevant if Defendant assumes the existence of a disability for purposes of the second motion for summary judgment. While Plaintiff claims that Defendant is dictating the defense in this case, it still remains that Plaintiff must prove both elements - that he is disabled and that he was being discriminated against solely because of the disability. If Defendant is willing to assume a disability for purposes of their second motion, and can demonstrate no disputed issues of fact with respect to the second required element of the cause of action, the court found that summary judgment would be appropriate.

In the Memorandum and Order of January 31, 2017, the court also ruled on Plaintiff's motion seeking clarification/explanation as to the meanings of the Reports and Recommendations issued by the Magistrate Judge in this case with respect to the denials of summary judgment on the issue of disability, the adoption by the court of those Reports and Recommendations, and how Defendant can file a second dispositive motion in this matter. (Doc. 313 at 7-9.) Plaintiff was told that although there were disputed issues of fact as to whether a disability exists, it was also clear that the issue of discrimination was not ever decided. Only issues of fact with respect

to the first necessary element of a Rehabilitation Act claim were found. The court even cited to a footnote included by the Magistrate Judge detailing the proof that would be required with respect to the second element of a Rehabilitation Act claim. (Doc. 313 at 8.) It was also noted that Plaintiff filed a lengthy opposition to Defendant's second motion addressing the merits of any discrimination claim, and providing numerous opposing exhibits to the court.

To the extent Plaintiff now seeks reconsideration of any of the court's January 31, 2017 decision, his motion is denied. He simply rehashes his arguments which have already been addressed and rejected by the court. He disagrees with the court's refusal to strike Defendant's second motion for summary judgment, and does not agree with the court's interpretation of the Reports and Recommendations of the Magistrate Judge. These are not proper grounds for seeking reconsideration and the motion will be denied.

### B. Emergency Motion to Compel

Also pending is Plaintiff's "Emergency Motion to Compel." (Doc. 317.) In the motion, Plaintiff seeks relief from the monthly payments deducted from his inmate account for the filing fee in the above matter pursuant to 28 U.S.C. § 1915(b)(2). In support of his motion, he relies on the case of Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), arguing that in said case, the Third Circuit adopted a "per-prisoner" or

"sequential" interpretation of § 1915(b)(2), holding that an indigent prisoner may be assessed no more than 20 percent of his monthly income toward federal court filing fees, regardless of the number of suits filed. Id. at 436. But, on January 12, 2016, the United States Supreme Court decided the case of Bruce v. Samuels, 136 S. Ct. 627 (2016), specifically abrogating Siluk, and held that § 1915(b)(2) requires that monthly filing-fee payments be paid simultaneously on a per case basis, not sequentially, even if this results in 100 percent of the prisoner's monthly income being collected. Id. at 630-33. As such, his motion will be denied.

### C.     Status Report

Plaintiff has filed a status report in the above matter with respect to the receipt of his legal materials in the above matter since his transfer to USP-Florence from USP-Lewisburg. (Doc. 315.) He sought an original stay based on the foregoing, and then a continuation of such based on his lack of receipt of his legal property in this matter since his transfer. While he originally thought he would have it by this time, he is still not in possession of his materials, and seeks a sixty (60) day enlargement of time to allow his receipt of relevant materials and his ability to further litigate this matter. His request will be granted, and the above matter will be stayed for a period of sixty (60) days from this date. However, Plaintiff is to notify the court when he has received his legal property in this case. An appropriate order follows.

8